**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BELINDA D.,** | ) | |
| | ) | **No. 25 C 11506** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Belinda D. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

On September 28, 2021, plaintiff applied for benefits, alleging a disability onset date of October 1, 2020. (R. 15.) Her application was denied initially, on reconsideration, and after a hearing. (R. 15-32.) Plaintiff appealed to the Appeals Council, which denied review (R.1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 1, 2020, the alleged onset date. (R. 18.) At step two, the ALJ found that plaintiff has the severe impairments of lumbar degenerative disc disease and chronic obstructive pulmonary disease. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 22.) At steps four and five, the ALJ found that plaintiff is capable of performing her past relevant work as a cook and thus is not disabled. (R. 30-32.)

Plaintiff argues that the RFC fashioned by the ALJ is flawed because it does not account for the findings of the 2024 x-rays of her lumbar spine, which were taken after the agency doctors reviewed plaintiff's file. Plaintiff contends that the ALJ was unqualified to determine the

significance of the x-ray findings, and in any event, he failed to explain how the RFC for medium work was compatible with them.

The Court agrees. The ALJ did not seek a doctor's opinion on whether the July 2024 x-ray findings supported the RFC for medium work. That was error:

> The ALJ is not qualified to interpret Plaintiff's MRIs and x-rays in determining that Plaintiff could reach overhead occasionally and perform medium work. The Seventh Circuit has made clear that "ALJs are not qualified to evaluate medical records themselves, but must rely on expert opinions." *Moreno [v. Berryhill*, 882 F.3d 727 at 729 (7th Cir. 2018)] (citing *Meuser v. Colvin*, 838 F.3d 905, 911 (7th Cir. 2016) (remanding because the ALJ improperly "played doctor"); *Stage [v. Colvin*, 812 F.3d 1121 at 1125 (7th Cir. 2016)] (finding that the ALJ erred by evaluating the significance of a subsequent treating physician's report that contained significant, new, and potentially decisive findings without the input of a medical expert and instead relying on an outdated assessment); *Goins [v. Colvin*, 764 F.3d 677 at 680 (7th Cir. 2014)] (criticizing the ALJ for "playing doctor" by summarizing the results of an MRI without input from an expert)).

*Woods v. Saul*, No. 2:18-CV-124-JEM, 2019 WL 3543698, at *4 (N.D. Ind. Aug. 5, 2019); *see Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021), *as amended on reh'g in part* (June 21, 2021) ("This court has stated repeatedly that an ALJ may not 'play[ ] doctor and interpret new and potentially decisive medical evidence without medical scrutiny.'") (quoting *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (citing *Lambert v. Berryhill*, 896 F.3d 768, 774 (7th Cir. 2018), *Akin v. Berryhill*, 887 F.3d 314, 317–18 (7th Cir. 2018), *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018)); *Michael M. v. O'Malley*, No. 23 C 778, 2024 WL 6917040, at *4 (N.D. Ill. Dec. 17, 2024) ("The ALJ determined for himself that imaging studies revealed no "worsening" . . . . This was error. Seventh Circuit precedent is clear that "'without an expert opinion interpreting the MRI results in the record, the ALJ [is] not qualified to conclude that the MRI results were 'consistent' with his assessment.'") (quoting *Akin*, 887 F.3d at 317-18 (7th Cir. 2018)); *Crystal D. H. v. Comm'r of Soc. Sec.*, No. 20-CV-742-RJD, 2022 WL 488142, at *4 (S.D. Ill. Feb. 17, 2022)

("The ALJ and the Commissioner are not medical experts qualified to interpret radiology reports. "'ALJs must rely on expert opinions instead of determining the significance of particular medical findings themselves.'") (quoting *Lambert*, 896 F.3d at 774)).

Moreover, even if the ALJ were qualified to interpret the x-rays, plaintiff says he still failed to explain how those findings supported his decision. The Court agrees. The ALJ recited the 2024 x-ray findings, but he did not say whether or how they supported the RFC. The ALJ's failure to explain the connection, if any, between the two, was error. *See Audra O. v. Dudek*, No. 3:22-CV-50072, 2025 WL 641236, at *4 (N.D. Ill. Feb. 27, 2025) ("The ALJ was required to connect [the] evidence to his RFC determination."); *Sanchez v. Kijakazi*, No. 22 C 1668, 2023 WL 2612481, at *3 (N.D. Ill. Mar. 23, 2023) ("[T]he ALJ crafted a very specific RFC limitation based on her own subjective view of plaintiff's D.I.D [dissociative identity disorder], without tying it to specific record evidence. No logical bridge was constructed. Accordingly, this case must be remanded.") (footnote omitted); *Melvin J. v. Kijakazi*, No. 20 C 03284, 2022 WL 2952819, at *3 (N.D. Ill. July 26, 2022) ("In this case, the ALJ both failed to logically connect the physical RFC to the evidence in the record, and also relied on her own lay opinion regarding the significance of medical findings in arriving at her RFC. These errors require remand."). This case must be remanded.

## Conclusion

For the reasons discussed above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [ECF 14], and pursuant to the fourth sentence of 42 U.S.C. § 405(g) remands this case for further proceedings in accordance with this opinion.

**SO ORDERED.** **ENTERED: August 11, 2026**

**M. David Weisman**
**United States Magistrate Judge**